UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No: 14-20673
Honorable George Caram Steeh

v.

D-1   MONROE AVANT, JR.

          Defendant.
_____/

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, an Indictment was filed on or around October 23, 2014, which charged Defendant with one (1) Count of Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1).   The Indictment also sought criminal forfeiture of any firearm(s) and ammunition involved in or used in the knowing commission of the offense, including One (1) Hesse LTD., Model HAR-15 A2, .223 caliber rifle pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

WHEREAS, on April 22, 2015, Defendant pleaded guilty to Count One of the Indictment, which charged Defendant with Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1).   Defendant also agreed in his Rule 11 agreement to forfeit his interest in the following:

- One (1) Hesse LTD., Model HAR-15 A2, .223 caliber rifle, Serial Number: P003202

WHEREAS, on April 23, 2015, the government filed a Forfeiture Bill of Particulars (*Dkt. #40*), also putting the Defendant on notice of its intention to also forfeit the following ammunition:

- 27 Rounds of Remington, 223 Caliber Ammunition;
- 15 Rounds of Wolf, 223 Caliber Ammunition; and
- 12 Rounds of Winchester-Western 45 Caliber Ammunition.

(the above referenced ammunition together with the Hesse LTD., Model HAR-15 A2, .223 caliber rifle, Serial Number: P003202 shall hereinafter be referred to as the "Subject Property").

NOW, THEREFORE, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, the Indictment, the Forfeiture Bill of Particulars, and the Defendant's agreement to forfeiture, and other information in the record:

IT IS HEREBY ORDERED that Defendant shall forfeit to the United States his interest in the Subject Property.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.   The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.   The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing.   If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.CrimP. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

************************************************************************

**IT IS SO ORDERED.**

Date: August 10, 2015           s/George Caram Steeh
                                HONORABLE GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE